**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN A. DIAZ, individually, and on
behalf of others similarly situated,

    *Plaintiff*,

v.

**CASE NO. 8:18-cv-03052-T-36SPF**

CHAPTERS HEALTH SYSTEM, INC.,

    *Defendant*.

_____

**ORDER CERTIFYING SETTLEMENT CLASS,**
**GRANTING PRELIMINARY APPROVAL OF SETTLEMENT,**
**AND DIRECTING NOTICE TO THE CLASS**

THIS CAUSE came before the Court on November 13, 2019 upon Plaintiff's Unopposed Motion and Memorandum in Support of Class Certification and Preliminary Approval of Proposed Class Action Settlement ("the Motion") [Doc. No. 26]; and the Settlement Agreement and Release ("the Settlement Agreement") (*see* Mot. Ex. A [Doc. No. 26-1, filed as supplement Doc. No. 27]), both filed on October 3, 2019 (supplement filed on October 24, 2019). The Court, having reviewed the Motion and the Settlement Agreement, having heard arguments of counsel in open court, and being otherwise fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1.    The Motion [Doc. No. 26] is **GRANTED** pursuant to Federal Rule of Civil Procedure 23, and the terms of the Settlement Agreement [Doc. No. 26-1, filed as supplement Doc. No. 27], including all Exhibits thereto, attached to the Motion, are preliminarily **APPROVED**, subject to further consideration at the Fairness Hearing provided for below. This Order

incorporates the Settlement Agreement, including all Exhibits. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and following ongoing mediation efforts presided over by a professional mediator, Jay M. Cohen. The Court finds the settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the settlement should be given as provided in this Order. In making this determination, the Court has considered the current posture of the litigation, the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation, as well as other similar cases within the Eleventh Circuit. *See, e.g.*, *Wood v. J Choo USA, Inc.*, No. 15-CV-81487, 2017 WL 4304800, at *1 (S.D. Fla. May 9, 2017); *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2019 WL 2576361, at *1 (S.D. Fla. Mar. 11, 2019), *amended*, No. 16-61198-CIV, 2019 WL 2574296 (S.D. Fla. Mar. 15, 2019); *Legg v. Spirit Airlines, Inc.*, No. 14-61978-CIV, 2016 WL 8670162, at *1 (S.D. Fla. Aug. 2, 2016).

**I.      THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL.**

2.      The Settlement Class is defined as follows:

> (i) All persons in the United States (ii) who, within the two (2) years prior to the filing of the Complaint, made a payment pursuant to a purchase made at a Defendant-owned establishment (iii) using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed more than the last 5 digits of the card number or the expiration date of the credit or debit card.

Defendant represents that, according to its records, customers in 70,809 transactions potentially meet this definition. Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children. In addition, excluded from the Settlement

Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described below in Section III.

  3. For the reasons stated on the record, the Court makes the following determinations as to certification of the Settlement Class:

   (a) The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3);.

   (b) The Settlement Class is so numerous that joinder of all members is impracticable;

   (c) There are questions of law or fact common to the members of the Settlement Class;

   (d) The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class;

   (e) Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement;

   (f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

   (g) The Settlement Class is ascertainable; and

   (h) Resolution of the claims in this litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

  4. Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Scott D. Owens and James S. Giardina are adequate to represent the Class and appoints them Class Counsel.

## II. NOTICE TO CLASS MEMBERS

  5. The Court has considered the proposed forms of notice including the Summary Notice and Long Form Notice for the Settlement Website, (attached as Exhibit 2 and 3 to the Settlement Agreement) and Settlement Claim Form (attached as Exhibit 4 to the Settlement Agreement), and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the constitutional requirements of notice. The Court approves the notice

program in all respects (including the proposed forms of notice, Summary Notice, Long Form Notice for the Settlement Website, and Settlement Claim Forms), and orders that notice be given in substantial conformity therewith.  The notice program shall commence on or about 90 days after entry of this Order (the "Notice Deadline").  The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid from the Settlement Fund, as set forth in the Settlement Agreement. Consistent with the Settlement Agreement, Defendant will be responsible for paying the fees of the third-party claims administrator above any amounts available in the Settlement Fund.

6. At the preliminary approval hearing, counsel for Diaz and Chapters Health System, Inc. generally discussed the process by which class members will be identified for the purpose of providing notice of the class action. Based on these representations, the Court understands that initial subpoenas have been served on NCR Corporation ("NCR") and Elavon, Inc. ("Elavon"), which will enable Class Counsel to obtain the applicable bank identification numbers of the Settlement Class Members. As generally described in prior submissions in this case, Class Counsel will then take that list of bank identification numbers and send a second batch of subpoenas to various financial institutions.

7. In order to make sure the process moves expeditiously and notice is provided in sufficient time for the final approval hearing, as scheduled, the Court orders that Diaz may serve these subpoenas via FedEx, which will speed up the process and also minimize expenses. Such relief is consistent with the significant weight of recent authority from this Circuit—including several opinions issued this year—and will serve to speed up the class notification process and reduce costs. *See, e.g.*, *Rainey v. Taylor*, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019) ("Rule 45 itself does not require service to be accomplished" any particular way; "rather, it only requires

'deliver[y]' of the subpoena." (quoting Fed. R. Civ. P. 45); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019); *Castleberry v. Camden Cty.*, 2019 WL 2106076, at *2 (S.D. Ga. May 14, 2019); *Warsteiner Importers Agency, Inc. v. Republic National Distributing Company, LLC*, 2008 WL 4104568, at *6 (M.D. Fla. July 31, 2008) (allowing service of a required notice via FedEx); *TracFone Wireless, Inc. v. CNT Wireless LLC*, 2019 WL 5863911 (S.D. Fla. Nov. 8, 2019) (same).

8. Along similar "speeding up the process" lines, Diaz and Chapters submit that the subpoenas should provide that any information responsive to the subpoenas shall be provided within 14 days. This is consistent with subpoena compliance times that are routinely approved by federal courts. *See In re Rule 45 Subpoena to Fid. Nat. Info. Servs., Inc.*, 2009 WL 4899399, at *1 (M.D. Fla. Dec. 11, 2009) (Morris, M.J.) (finding that "[a]lthough 'reasonable time' is not explicitly defined in this section of Rule 45, other courts have looked to the language of Rule 45(c)(2)(B) to find fourteen days from the date of service is presumptively reasonable."); *TIC Park Ctr. 9, LLC v. Cabot*, 2017 WL 9988745, at *7 (S.D. Fla. June 9, 2017) (Torres, M.J.) ("Because courts have found that fourteen (14) days is a sufficient amount of time to comply with Rule 45 and that Plaintiff provided [the subpoenaed party] fifteen (15) days to comply with the subpoena in this case, there was nothing improper with the subpoena on this basis.")

9. As for protection of any confidentiality of information responsive to the subpoenas to the financial institutions, the Court notes that Magistrate Judge Flynn recently approved a protective order to cover the subpoenas to NCR and Elavon. *See* [Docs. No. 30 and 34]. The Court now orders that the provisions of the protective order approved by Magistrate Judge Flynn shall also apply to the subpoenas to any financial institutions.

10. Further, the Court orders that the (a) subpoenaed financial institutions shall provide counsel for Diaz the requested names, addresses, and telephone numbers, notwithstanding that the subpoenas seek documents and information to which non-party customers (e.g. the potential Settlement Class Members) may have a legitimate expectation and/or right of privacy pursuant to federal and state constitutions, statutes, or case law; (b) the names, addresses, and telephone numbers produced to Diaz's counsel by the subpoenaed financial institutions shall be used only for the purposes of notifying Settlement Class Members of a settlement and evaluating their claims, and shall not be disclosed to any other person or entity other than Class Counsel, Chapters Health System Inc.'s counsel, the settlement claims administrator, and the Court;  (c) such customer contact information shall be destroyed within seven (7) days after the settlement becomes final and no longer appealable.

11. The Court notes that Magistrate Judge Flynn previously noted that any subpoenaed financial institutions should have an opportunity to raise specific objections to any subpoenas. *See* [Doc. No. 25]. The Court is mindful of points that Magistrate Judge Flynn made and they are not being disturbed. Accordingly, to the extent that any subpoenaed financial institutions have any objections to the subpoenas or the coverage of the previously entered protective order, (Docs. No. 30 and 34), or the additional protections set forth in paragraph 10 above, such objections shall be made by motion to this Court within seven (7) days of service of such subpoenas. The Court is mindful that this is a modification of Fed. R. Civ. P. 45(d)(2)(B), which otherwise only requires that written objections (as opposed to a formal motion) be made within the earlier of fourteen (14) days or the time for compliance with the subpoena.

12. The Court appoints Kurtzman Carson Consultants LLC ("KCC") as Claims Administrator. Responsibilities of the Claims Administrator shall include the following:

(a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of the Agreement; (c) answering all inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement Class; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing Settlement Claim Forms from and distributing settlement payments to Settlement Class Members; (g) paying from the Settlement Fund any fees and costs incurred or due to banks, credit card processing companies, or others for responding to subpoenas to locate or identify the Settlement Class Members; and (h) otherwise assisting with implementation and administration of the terms of the Settlement Agreement.

### III.     REQUEST FOR EXCLUSION FROM THE CLASS

13.     A Settlement Class Member who wishes to be excluded from the Settlement Class shall mail a written Request For Exclusion to the Claims Administrator, so that it is postmarked no later than 120 days after Preliminary Approval, or May 6, 2020 (the "Opt-Out and Objection Deadline"), and shall clearly state the following: (a) identify the case name and number; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Diaz v. Chapters Health System, Inc.*"

14. A Settlement Class Member who desires to opt out of the Settlement Class must take timely affirmative written action pursuant to this Order, even if he or she (a) files or has filed a separate action against any of the Chapters Health System, Inc. Releasees, or (b) is, or becomes, a putative class member in any other class action filed against any of the Chapters Health System, Inc. Releasees.

15. Any Settlement Class Member who does not properly and timely mail a Request For Exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Settlement Agreement, including the Release and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

**IV.   OBJECTIONS**

16. Objections must be received by Honorable Judge Charlene Honeywell on or before the Opt-Out and Objection Deadline (by May 6, 2020). To be valid, the objection must include: (a) the case name and number; (b) the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his or her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he or she intends to appear at the Final Approval Hearing, either with or without counsel; (e) any documentation in support of such objection; and (f) the date of the purchase for which the Settlement Class Member received a receipt displaying more than the last 5 digits of the card number or the expiration date of the credit or debit card. In addition, a Settlement Class Member who does not complete and submit a Claim Form must provide, to the Claims Administrator, the first six and last four digits of the credit or debit card used to make the purchase. Any Settlement Class Member who fails to object to the

Settlement in the manner described in the Class Notice and consistent with this Paragraph shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## V.     PROOFS OF CLAIM

17.     To effectuate the Settlement Agreement, Class Settlement, and the provisions of the Class Notice program, the Claims Administrator shall be responsible for the receipt of all Requests for Exclusion and Settlement Claim Forms.  The Claims Administrator shall preserve, on paper or transferred into electronic format, all Requests for Exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court.  All written communications received by the Claims Administrator from Settlement Class Members relating to the Settlement Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Chapters Health System, Inc., including prior to payments being mailed to each Settlement Class Member.

18.     In order to be entitled to participate in the Class Settlement, if effectuated in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

   A.     A Settlement Class Member who wishes to receive a distribution from the Settlement Fund must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, which is 120 days after Preliminary Approval, or May 6, 2020.  If such Settlement Claim Form is submitted by mail via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as

of the date postmarked. If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

   B.  Except as provided herein, each completed Settlement Claim Form must contain the following information: (a) name; (b) physical address; and (c) claim ID number, and be signed by the putative Settlement Class Member (claims submitted online may be signed electronically). The electronic claim form on the Settlement Website will pre-populate the name and address information for persons who enter the claim ID from any Class Notice they received, and shall ask them to update or correct any outdated information;

   C.  Settlement Claim Forms submitted by any person who has not been identified as a Settlement Class Member by the Claims Administrator may nevertheless submit a Settlement Claim Form, but to be considered a Settlement Class Member the person must also provide a statement listing the location of the store that provided the receipt, the date when the receipt was provided, and the first five/last four digits of the credit/debit card(s) used in the transaction, and must also provide a copy of the receipt at issue. To be deemed valid, the Claims Administrator must validate the claimed transaction occurred according to Defendant's records;

   D.  Any questionable Settlement Claim Form shall be submitted to and reviewed by Class Counsel and counsel for Chapters Health System, Inc., who shall determine whether the claim should be allowed;

   E.  All Settlement Class Members who do not submit a timely Settlement Claim Form or who submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement and shall be bound by all of the terms and provisions of the Settlement Agreement; and

10

      F.    Any Settlement Class Member who does not validly and timely submit a Request for Exclusion before the Opt-Out Deadline shall remain a Settlement Class Member, and shall be bound by the terms of the Settlement Agreement.

## VI. CONFIDENTIALITY

19. All information about Settlement Class Members and their transactions, and information Chapters Health System, Inc. provides to help find Settlement Class Members' names and contact information, shall be kept confidential, except that such information may be shared with the Court, the Claims Administrator, and any party Class Counsel subpoenas for the purpose of obtaining Settlement Class Members' names and contact information.

## VII. FAIRNESS HEARING

20. The Court usually requires a fairness hearing to be set 120 days after preliminary approval of a class settlement. However, in this case, the Court has been advised by counsel that the parties may require more time to complete the class notice process. In fact, to provide notice to the class members, Plaintiff will issue a series of subpoenas to certain third-parties, to obtain the class members' mailing and email addresses, which will delay approximately 90 days.[1] *See, supra*, Section II.

21. Consistent with counsel's representation at the hearing on the Motion in Support of Class Certification and Preliminary Approval of Proposed Class Action Settlement, a hearing on final settlement approval (the "Fairness Hearing") will be held on **June 18, 2020, at 11:00 a.m.** before this Court, at the United States District Court for the Middle District of Florida, Tampa

---

[1] To avoid undue delay and prejudice to the class, Plaintiff may serve the aforementioned subpoenas via FedEx and require compliance within fourteen (14) days from the date the subpoena is issued.

Division, United States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602, to consider, inter alia, the following: (a) determining the fairness, adequacy, and reasonableness of the Settlement Agreement and Class Settlement pursuant to the Federal Rules of Civil Procedure, applicable law, and other procedural rules or and requirements; and (b) entering the Order of Final Approval.

22. At least 14 days prior to the Opt-Out and Objection Deadline, Class Counsel shall file with the Court any Fee Petition.

23. At least 21 days before the Fairness Hearing, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Settlement Agreement and Class Settlement.

24. Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above and who also has timely filed an objection may appear at the Fairness Hearing in person or by counsel and may be heard to the extent allowed by the Court.  However, no person shall be heard in opposition to the Settlement Agreement and Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless that person files such papers and briefs with the Court and serves them upon counsel listed below by the Opt-Out and Objection Deadline.  Settlement Class Members who object in the manner and by the dates provided herein and in accordance with paragraph 16 above shall be subject to the jurisdiction of this Court.  Settlement Class Members who fail to object in the manner and by the dates provided herein and in accordance with paragraph 16 above shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

25. Counsel for the Parties who must be served with all documentation described above are as follows:


       <u>Counsel for the Settlement Class:</u>
Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, Florida 33019

James S. Giardina, Esq.
The Consumer Rights Law Group, PLLC
3104 W. Waters Ave., Ste. 200
Tampa, Florida 33614

<u>Counsel for Chapters Health System, Inc.</u>
Aaron S. Weiss, Esq.
100 Southeast Second Street, Suite 4200
Miami, Florida 33131

26. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 30 days after the Claims Deadline.

27. The date and time of the Fairness Hearing shall be set forth in the Summary Notice, Long Form Notice, and the Settlement Website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website to be established pursuant to the Class Notice program.

28. Pending Final Approval, all Settlement Class Members are hereby preliminarily enjoined from, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class): (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class

allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims or the facts and circumstances relating thereto.

29. Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be deemed to have forever released any and all of the Released Claims against any of the Chapters Health System, Inc. Releasees as described in the Settlement Agreement, including all claims for relief that were raised or could have been raised by Plaintiff and the Settlement Class Members from the facts alleged in the Complaint, including, but not limited to, claims arising under the Fair and Accurate Transactions Act ("FACTA") or any similar statute or other law. In addition, upon Final Approval, all such Settlement Class Members shall be forever enjoined and barred from asserting any of the Released Claims against any of the Chapters Health System, Inc. Releasees.

## VIII. OTHER PROVISIONS

30. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

31. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become

null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor this Order shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

32.     This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Chapters Health System, Inc. of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs, Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

33.     The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| **April 6, 2020**  | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| --- | --- |
| **April 22, 2020** | Plaintiff to file attorney fee petition |
| **May 6, 2020**    | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) |
| **May 6, 2020**    | Deadline for Settlement Class Members to submit a Settlement Claim Form (Claim Deadline) |

| **May 28, 2020** | Deadline for Parties to file the following:<br>(1) List of persons who made timely and proper Requests for Exclusion (under seal);<br>(2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
|---|---|
| **June 18, 2020 at 11:00 a.m.** | Final Approval Hearing |

**DONE and ORDERED** in Tampa, Florida, this 6th day of January, 2020.

Charlene Edwards Honeywell
United States District Judge

cc: counsel of record