UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN A. DIAZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Civil Action No. 8:18-cv-03052-CEH-SPF

CHAPTERS HEALTH SYSTEM, INC.

    Defendant.
_____/

**[AGREED MOTION]**
**NON-PARTY SUNCOAST CREDIT UNION'S AGREED MOTION FOR ENLARGEMENT OF TIME THROUGH MARCH 6, 2020 TO FILE ANY MOTION ASSERTING OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, AND INCORPORATED LOCAL RULE 3.01(G) CERTIFICATE**

Non-party Suncoast Credit Union ("Suncoast"), through its counsel, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. and pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, files this agreed motion for enlargement of time through March 6, 2020 for Suncoast to file any motion asserting objections to a recently served subpoena to produce documents issued by counsel for Plaintiff in this action, and its incorporated Local Rule 3.01(g) certificate. In support of its motion, Suncoast states:

1.    On Thursday, February 20, 2020, Suncoast received a subpoena issued by plaintiff's counsel seeking Suncoast's production by March 6, 2020 of certain information about Suncoast members who used a Suncoast issued debit card or a Suncoast branded credit

card at facilities owned and/or operated by defendant in approximately 2300 purchase and sale transactions (the "Subpoena").[1]

2.      Under the terms of the Court's January 6, 2020 Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, and Directing Notice to the Class [ECF 35, p. 6], Suncoast is due to file a motion raising any objections to the Subpoena by Thursday, February 27, 2020.

3.      Since its receipt of the newly issued Subponea, Suncoast has worked diligently to identify information responsive to the Subpoena based on additional information furnished to Suncoast therein, and to resolve any objections it may have concerning the Subpoena in order to eliminate the need to file any motion raising objections, or to at least limit any issues remaining to be addressed by the Court.

4.      Suncoast's efforts have included communicating with plaintiff's counsel concerning the new data furnished to Suncoast in connection with the Subpoena; running, evaluating and refining searches using that new data; and conferring with the parties' counsel regarding the extent to which the existing stipulations and Orders afford sufficient and appropriate protections for Suncoast and its members with respect to the Subpoena.

5.      Suncoast requires additional time to complete its analysis concerning identification of the data requested, and to complete conferences with plaintiff's counsel concerning resolution of issues before it files any motion asserting objections.  Based on

---

[1] The Subpoena was issued after the first subpoena issued by plaintiff's counsel to Suncoast in this action had been withdrawn so plaintiff's counsel could obtain from another non-party additional transaction information needed for Suncoast to more efficiently identify the information plaintiff seeks from Suncoast.

Suncoast's counsel's most recent conference with the parties' counsel, Suncoast believes that the additional time will allow for resolution of all issues and avoid the need for any motion practice.

6.     Suncoast seeks only an eight-day enlargement of time, and a grant of this relief will not unduly prejudice any party or unduly delay these proceedings. In contrast, a grant of the relief requested will promote judicial economy and will serve the interests of justice.

7.     Pursuant to Rule 3.01(g) of the Local Rules for the United States District Court for the Middle District of Florida, counsel for Suncoast has conferred with counsel for both of the parties regarding this motion, and the parties' counsel have authorized Suncoast's counsel to represent that both parties agree to the entry of an Order granting the relief requested herein.

WHEREFORE, Suncoast respectfully seeks entry of an Order extending through and including March 6, 2020 the time within which Suncoast may file a motion stating any objections to the Subpoena, and granting such other and further relief as may be available under the circumstances.

                                                  */s/ Beth A. Cronin*
                                     Beth A. Cronin
                                     Florida Bar No.: 54933
                                     bcronin@trenam.com
                                     TRENAM, KEMKER, SCHARF, BARKIN,
                                       FRYE, O'NEILL & MULLIS, P.A.
                                     200 Central Ave., Suite 1600
                                     St. Petersburg, FL 33701
                                     Phone 727.896.7171/Fax 727.822.8048
                                     Attorneys for Non-party Suncoast Credit Union

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, together with a notice of electronic filing of same, has been furnished via the Court's CM/ECF system to Scott D. Owens, Esq., Scott D. Owens, P.A., 3800 S. Ocean Dr., Suite 235, Hollywood, FL 33019; Adam P. Schwartz, Esq., Carlton Fields, P.A., 4221 W. Boy Scout Blvd., Suite 1000, Tampa, FL 33607; Aaron S. Weiss, Esq., Carlton Fields Jorden Burt, P.A., 100 SE 2nd St., Suite 4200, Miami, FL 33131-9101; James Salvatore Giardina, Esq., The Consumer Rights Law Group, PLLC, 3104 W. Waters Ave., Suite 200, Tampa, FL 336114-2877 this 26 day of February 2020.

                                                       */s/ Beth A. Cronin*
                                    Attorney