## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN A. DIAZ,

      Plaintiff,

v.                                  **CASE NO.: 8:18-CV-3052-T-36-SPF**

CHAPTERS HEALTH SYSTEM, INC.,

      Defendant.

_____/

### STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
### REGARDING SUBPOENA TO SUNCOAST CREDIT UNION

The Court hereby enters this Stipulated Confidentiality and Protective Order Regarding Subpoena to Produce Documents directed to Suncoast Credit Union (the "Stipulation"), made and entered into this 25th day of February, 2020, by and between John A. Diaz ("Plaintiff"), Suncoast Credit Union ("Suncoast"), and Chapters Health System, Inc. ("Defendant") (collectively the "Parties"). It is hereby ordered as follows:

### RECITALS

**WHEREAS**, on December 19, 2018, in the United States District Court for the Middle District of Florida, Plaintiff filed his Complaint for violations of the fair and accurate credit transactions act ("FACTA"), Case No. 8:18-CV-3052-T-36-SPF, against Defendant Chapters Health System, Inc. (the "Action");

**WHEREAS**, on February 19, 2020, pursuant to the Court's January 6, 2020 Order Certifying Settlement Class, Granting Preliminary Approval of Settlement, and Directing Notice to the Class [ECF 35] (the "Preliminary Settlement Order") Plaintiff caused a Subpoena to Produce Documents and Electronically Stored Information (the "Suncoast Subpoena") to be served upon Suncoast;

**WHEREAS**, the Suncoast Subpoena proposes to require Suncoast to disclose or reveal confidential non-party consumer name, address and email address information without the prior authorization of the affected consumers;

**WHEREAS**, the Court in the Preliminary Settlement Order authorized Class Counsel to serve subpoenas like the Suncoast Subpoena on financial institutions, and ordered subpoenaed financial institutions to provide the subpoenaed information notwithstanding that the non-party consumers (a/k/a potential Settlement Class Members) may have legitimate expectations and/or rights of privacy concerning the subpoenaed information pursuant to federal and state constitutions, statutes or case law;

**WHEREAS**, Suncoast desires to assure the confidentiality of all such information produced in this Action, and the use of that information solely for the purposes provided in the Preliminary Settlement Order;

**WHEREAS** the Parties acknowledge the potential confidential nature of the information and agree to keep all such information confidential; and

**WHEREAS**, to facilitate compliance with the Suncoast Subpoena, including but not limited to the exchange of documents, the Parties, through their respective counsel, enter into this Confidentiality Agreement and agree to the following terms and conditions:

## CONFIDENTIALITY AGREEMENT

**NOW**, **THEREFORE**, in consideration of the foregoing recitals and the mutual promises and obligations set forth below, the Parties to hereby agree as follows:

1. <u>Applicability of the Preliminary Settlement Order and Confidential Information</u>. All provisions of the Preliminary Settlement Order pertaining to Notice to Class Members as set forth in paragraphs 5 through 12 thereof and pertaining to Confidentiality as set forth in paragraph 19 thereof are incorporated herein by reference and shall apply to the information to be furnished by Suncoast in response to the Suncoast Subpoena (the "Suncoast Information").  The Parties further stipulate and agree that the foregoing provisions in the Preliminary Settlement Order shall continue to apply to protect and restrict the use, disclosure and retention of the Suncoast Information notwithstanding those Other Provisions in paragraphs 31 and 32 of the Preliminary Settlement Order.  To the extent there is any conflict between the provisions in this Stipulation and the incorporated provisions of the Preliminary Settlement Order, the provision that affords greater

protection to the Suncoast Information shall apply. "Confidential Information" shall mean all information and material which the Parties in good faith consider to constitute sensitive business information or trade secrets, confidential personal, financial, research, development, commercial, or business information, consumer information, and proprietary research, development, commercial, or business information, including, but not limited to credit or debit card transaction data, including the credit or debit card number, transaction amount and transaction date, and the name, address and email address information associated with said credit or debit cards and transactions, which could cause harm if disclosed.

"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The term "document" means all written, recorded, or graphic material, including data and other information produced in electronic form, whether produced or created by a party or another person, whether produced pursuant to the Federal Rules of Civil Procedure, by subpoena, by agreement, or otherwise. The Stipulation includes all testimony and other uses of Confidential Information, including all copies, excerpts and summaries derived from these documents, produced, given or filed by any party during the course of this Action.

2. Counsel. The term "counsel" shall mean counsel for Plaintiff, Defendant, and Suncoast, respectively.

3. Qualified Person. The term "Qualified Person" shall mean the Parties, and the law firms that are included in this Stipulation, including partners, associates, secretaries, inhouse litigation consultants, insurance specialists, paralegal assistants, employees of such counsel to the extent reasonably necessary to render professional services in the litigation,

case management personnel, claims administrator, court personnel, mediators, mediation staff, court reporters and translators and deposition transcript reporters and translators.

4. <u>Parties to the Agreement</u>. The Parties to this Stipulation are Plaintiff, his agents, attorneys, accountants, and all other persons acting or purporting to act on his behalf, Defendant, its affiliated entities, agents, attorneys, and all other persons acting or purporting to act on its behalf, and Suncoast, its affiliated entities, agents, attorneys, and all other persons acting or purporting to act on its behalf.

5. <u>Purpose</u>. The purpose of this Stipulation is to protect the Suncoast Information as Confidential Information. The Parties acknowledge and agree that pretrial discovery relative to the Action may require disclosure of information and production of Confidential Information to a Qualified Person.

6. <u>Confidentiality</u>. The Parties, as evidenced by their counsel's signatures at the bottom of this Stipulation, have stipulated and agreed that the following procedures shall govern the handling, examination, review and use of Confidential Information during the course of pretrial, trial and post-trial proceedings in this Action. The Parties agree to treat all Confidential Information that may be furnished by Suncoast as confidential, and will preserve in strict confidence all such Confidential Information except that, notwithstanding the foregoing, the Parties may make disclosures of the Confidential Information as permitted under this Agreement and the Preliminary Settlement Order.

7. <u>Procedure for Identification of Confidential Information</u>. Any document that contains Confidential Information as defined herein and for which Suncoast desires confidential treatment, it must affix the word "CONFIDENTIAL" on the first page of document in a manner that will not interfere with its legibility. Any such document stamped or marked with the word "Confidential" on its first page shall be deemed Confidential in its entirety unless and until the Court rules otherwise or the Parties otherwise agree. All said material shall be controlled and properly secured by counsel to prevent unauthorized access to said materials.

8.   <u>Confidentiality Identified at the Time of Production</u>. Suncoast shall identify Confidential Information prior to, or contemporaneously with, the production or disclosure of that information, subject to paragraph 9, directly below.

9.   <u>Inadvertent Production</u>. In the event that Suncoast inadvertently produces documents or provides information containing Confidential Information without designating those documents as "CONFIDENTIAL," Suncoast shall not be deemed to have waived its right to designate those documents or that information as Confidential Information. Suncoast shall inform the Parties of the inadvertent production within ten (10) calendar days of discovering of the inadvertent production, and the Parties shall then cooperate in marking those documents or information, and all copies thereof, as "CONFIDENTIAL." No use of such documents or information prior to their designation as Confidential Information shall be deemed a breach of this Confidentiality Agreement.

10.  <u>Effect of Designation as Confidential</u>. No party, their counsel, or persons identified in this Confidentiality Agreement shall use or disclose information or documents designated as "CONFIDENTIAL" under this Confidentiality Agreement for any purpose whatsoever other than as provided in the Preliminary Settlement Order.

11.  <u>Challenge to Confidentiality</u>. The marking of any document as Confidential by Suncoast shall not be conclusive of the issue barring an agreement of the parties or further Court Order. In the event that the Parties disagree with the designation of any document(s) or other information as Confidential, the Parties shall attempt to resolve such disagreement in good faith and on an informal basis. If, however, the disagreement cannot be resolved in that fashion, Plaintiff or Defendant may seek appropriate relief from the Court. Until the Court resolves any disagreement, any document(s) or information subject to disagreement and designed by Suncoast as Confidential shall be treated as if designated as Confidential under the terms of this Stipulation.

12.  <u>Disclosure to Qualified Persons</u>. The Parties shall not disseminate any of the Confidential Information or documents relating to the Subpoena to anyone, except Qualified Persons designated in paragraph 3 above. Prior to disseminating any of the

material designated as Confidential to a Qualified Person, Counsel must first: (a) provide the Qualified Person with a copy of this Stipulation and (b) obtain the Qualified Person's consent, in writing, to be bound by this Stipulation. Before each Qualified Person is given access to Confidential Information or documents, such Qualified Person shall execute the Agreement in the form attached as Exhibit "A" hereto. Any person signing a copy of this Agreement signifying agreement to be bound by it understands that if this Agreement is violated, that person consents and submits to the Court's jurisdiction for enforcement of the Stipulation.

13. <u>Filing Entire Confidential Documents</u>. If the filing of a document containing information designated by Suncoast as Confidential is reasonably believed by a party to be supportive of the party's position in the Action, and the party seeks to file any of the documents marked as Confidential with the Court, or introduce the same as evidence, the party agrees to file that document under seal pursuant to Local Rule 1.09.

14. <u>Filing Documents That Contain Confidential Information</u>. If a party seeks to file a document, portions of which have been identified by Suncoast as Confidential, the party shall redact the Confidential Information before filing. The party shall provide an unredacted copy of the document to the Judge informing the Court that a redacted copy was electronically filed with the Court pursuant to the Parties' Stipulation.

15. <u>Disclosure During Hearings or Trial</u>. Should the party's counsel plan to use any Confidential Information produced by Suncoast not already filed under seal at a hearing or trial, the party's counsel agrees to notify counsel for Suncoast and the other Parties of such intended use in writing ("Written Notice") at least 10 business days before the scheduled hearing, or trial. If Suncoast or any other party objects to such intended use, Suncoast or that party shall issue (i.e., serve) a written objection within five (5) business days of receipt of the Written Notice. The Parties agree that any objection shall be heard by the Court at the earliest mutually convenient time if the parties are not otherwise able to resolve this issue in good faith and on an informal basis. The use of the Confidential Information shall

not be used at a hearing or trial prior to the Court ruling on Suncoast's, or any other party's objection.

16. <u>Objection to Production of Information or Documents</u>. The entry of this Stipulation does not prohibit any producing party who objects to the production of documents from objecting to such production on any other grounds permitted under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or applicable state or federal law.

17. <u>Additional Protection</u>. Nothing in this Stipulation shall be deemed to preclude any party from seeking and obtaining, upon appropriate showing, additional protection with respect to the confidentiality of documents or other relief from this Order with respect to material designated as containing Confidential information.

18. <u>Survivability and Return of Confidential Information</u>. This Stipulation shall survive and remain in full force and effect through final termination of this action. Upon final termination of this Action, either by full compliance with any settlement agreement, verdict, or dismissal, all material or information produced by Suncoast marked as Confidential, including each copy thereof, and each document that incorporates or references, in whole or in part, any said material or information contained therein, including but not limited to notes or summaries concerning or pertaining to such material or information as Confidential, while maintaining its confidentiality, shall be destroyed by the recipient or returned to Suncoast at its option, within ten (10) business days. All briefs, pleadings or other filings with the Court which incorporate or disclose Confidential documents or information may remain in possession of the Parties' counsel and need not be destroyed, but shall remain subject to the terms and conditions of this Stipulation.

19. <u>Waiver</u>. If at any time Suncoast waives any rights hereunder, such waiver is not to be construed as a continuing waiver of the same or other provisions of this Stipulation. Waiver must be in writing. Resort to any remedies referred to herein will not be construed as a waiver of any other rights and remedies to which Suncoast may be entitled under this Stipulation or otherwise.

20. <u>Modification</u>. The Parties reserve the right to change or modify this Stipulation in writing at any time, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel.

21. <u>Governing Law and Jurisdiction</u>. This Stipulation shall be governed by the laws of the State of Florida without regard to any conflict-of-law rule or principle that would give effect to the laws of another jurisdiction.  The Parties agree that all actions, suits or proceedings arising or in connection with this Agreement are subject to the continuing jurisdiction of the United States District Court, Middle District of Florida, and irrevocably waive any claim that any such suit, action or proceeding has been brought in an inconvenient forum. For purposes of this Stipulation, an inconvenient forum is any court other than the United States District Court, Middle District of Florida.

22. <u>Counterparts</u>. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and which shall constitute one and the same instrument.

23. <u>Contempt</u>. Violations of the provisions of this Order shall subject the offender to the contempt powers of this Court. The provisions of this Order shall be binding after termination of this case.

IN WITNESS WHEREOF, the Parties have executed this Stipulation as of the day and year first written above.

[*signature page below*]

**JOHN A. DIAZ**

s/ *Scott D. Owens*
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

**SUNCOAST CREDIT UNION**

s/ *Beth A. Cronin*
Beth A. Cronin, Esq.
TRENAM LAW
200 Central Ave., Ste. 160
St. Petersburg, FL 33701
Tel: 727-896-7171
Fax: 727-824-6118
bcronin@trenam.com

**CHAPTERS HEALTH SYSTEM, INC.**

s/ *Aaron S. Weiss*
Aaron S. Weiss, Esq.
CARLTON FIELDS
100 S.E. 42nd St., Ste. 4200
Miami, FL 33131
Tel: 305-539-7382
Fax: 305-530-0055
aweiss@carltonfields.com

**ENTERED:**

_____

**Sean P. Flynn**
**United States Magistrate Judge**

**EXHIBIT "A"**

<b>WRITTEN ASSURANCE</b>

STATE OF             )
                           ) ss.
COUNTY OF        )

I, _____ , hereby attest to my understanding that information or documents produced by Suncoast Credit Union designated confidential are provided to me pursuant to the terms and conditions and restrictions of the *Joint Stipulation of Confidentiality Regarding Subpoena to Produce Documents* in *John A. Diaz v. Chapters Health, System, Inc*., Case No. 8:18-cv-03052-T-36-SPF in the United States District Court for the Middle District of Florida; that I have been given a copy of and have read the *Joint Stipulation of Confidentiality Regarding Subpoena to Produce Documents* and understand its terms; and that I hereby agree to be bound by its terms. I further agree that I shall not disclose to others, except in accordance with the Joint Stipulation of Confidentiality Regarding Subpoena to Produce Documents, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Joint Stipulation of Confidentiality Regarding Subpoena to Produce Documents, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the Middle District of Florida for any contempt proceedings or other appropriate sanctions as the Court may deem proper for a violation of the *Joint Stipulation of Confidentiality Regarding Subpoena to Produce Documents*.

Dated: _____

_____
NAME
TITLE

BEFORE ME, the undersigned authority, personally appeared, _____ ,   who

is ( ) personally known or ( ) provided as identification.

SWORN AND SUBSCRIBED to before me this
____ day of _____, 2019.

NOTARY PUBLIC
STATE OF _____

_____
(Print Name)
My Commission Expires: