UNITED STATES DISTRICTCOURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

John A. Diaz, individually and on behalf of others similarly situated,

    Plaintiff,

v.

Chapters Health System, Inc.,

    Defendant.

_____/

Case No. 8:18-cv-03052-CEH-SPF

## AGREED MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING SUBPOENA TO CITIBANK, N.A.

COMES NOW, John A. Diaz, individually and on behalf of others similarly situated ("Plaintiff"), Citibank, N.A. ("Citibank"), and Chapters Health System, Inc. ("Defendant") (collectively, with respect to this Agreed Motion only, the "Parties"), and hereby collectively move for entry of an Agreed Confidentiality and Protective Order Regarding Subpoena to Produce Documents Directed to Citibank (the "Agreed Motion"), and state:

### FACTUAL AND PROCEDURAL POSTURE

1.    On December 19, 2018, in the United States District Court for the Middle District of Florida, Plaintiff filed his Complaint for violations of the Fair and Accurate Credit Transactions Act ("FACTA"), Case No. 8:18-cv-03052-CEH-SPF, against Defendant Chapters Health System, Inc. (the "Action").

2.    On or about December 22, 2019, in the course of discovery in the Action, Plaintiff executed a *Subpoena to Produce Documents, Information, or Objects or to Permit*

*Inspection of Premises in a Civil Action* (the "Citibank Subpoena") that was subsequently mailed to Citibank.

3.  The Citibank Subpoena seeks to require Citibank to disclose nonpublic and confidential personal information, which if disseminated outside the course of this Action, may cause irreparable harm to Citibank and its members.

4.  Plaintiff and Defendant acknowledge the confidential nature of the nonpublic information and the requirement for Citibank to produce same under, among other potentially governing obligations, 15 U.S.C. § 6802(e)(8) and Section 655.059(1)(e), Florida Statues, and hereby agree to keep all such information confidential.

5.  To facilitate compliance with the Subpoena by the production of the nonpublic and confidential personal information, the Parties, through their counsel, agree to the following terms and conditions and move the Court to approve same:

## CONFIDENTIALITY AGREEMENT

1.  <u>Confidential Information</u>. "Confidential Information" shall mean all information and material which the Parties in good faith consider to constitute sensitive business information or trade secrets, confidential personal, financial, research, development, commercial, or business information, consumer information, and proprietary research, development, commercial, or business information, including, but not limited to credit or debit card transaction data and contact information for Citibank members, which could cause harm if disclosed. To be clear, any and all information produced by Citibank in response to the Citibank Subpoena shall be treated as Confidential Information and governed by the terms of this Agreement. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being

generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. The term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to the Federal Rules of Civil Procedure, by subpoena, by agreement, or otherwise. The Stipulation includes all testimony and other uses of Confidential Information, including all copies, excerpts and summaries derived from these documents, produced, given or filed by any party during the course of this Action.

2. <u>Counsel</u>. The term "counsel" shall mean counsel for Plaintiff, Defendant, and Citibank, respectively.

3. <u>Qualified Person</u>. The term "Qualified Person" shall mean the Parties, and the law firms that are included in this Stipulation, including partners, associates, secretaries, in- house litigation consultants, insurance specialists, paralegal assistants, employees of such counsel to the extent reasonably necessary to render professional services in the litigation, case management personnel, court personnel, mediators, mediation staff, court reporters and translators and deposition transcript reporters and translators.

4. <u>Parties to the Agreement</u>. The parties to this Stipulation are Plaintiff, his agents, attorneys, accountants, and all other persons acting or purporting to act on his behalf, Defendant, its affiliated entities, agents, attorneys, and all other persons acting or purporting to act on its behalf, and Citibank, its affiliated entities, agents, attorneys, and all other persons acting or purporting to act on its behalf.

5. <u>Purpose</u>. The purpose of this Stipulation is to protect Citibank's Confidential Information. The Parties acknowledge and agree that pretrial discovery relative to the Action may

require disclosure of information and production of Confidential Information to a Qualified Person.

6. <u>Confidentiality</u>. The Parties, as evidenced by their counsel's signatures at the bottom of this Stipulation, have stipulated and agreed that the following procedures shall govern the handling, examination, review and use of Confidential Information during the course of pretrial, trial and post-trial proceedings in this Action. The Parties agree to treat all Confidential Information that may be furnished by Citibank as confidential, and will preserve in strict confidence all such Confidential Information except that, notwithstanding the foregoing, the Parties may make disclosures of the Confidential Information as permitted under this Agreement.

7. <u>Procedure for Production of Confidential Information</u>. Any document produced by Citibank in response to the Citibank Subpoena shall be deemed Confidential in its entirety unless and until the Court rules otherwise or the Parties otherwise agree. All said material shall be controlled and properly secured by counsel to prevent unauthorized access to said materials. The Confidential Information shall be produced by Citibank via a secure link or encrypted compact disc deliverable to Plaintiff's undersigned counsel.

8. <u>Inadvertent Production</u>.  In the event that Citibank inadvertently produces documents or provides information containing Confidential Information in a manner other than identified in paragraph 7, Citibank shall not be deemed to have waived its right to designate those documents or that information as Confidential Information. CITIBANK shall inform the Parties of the inadvertent production within ten (10) calendar days of discovering of the inadvertent production, and the Parties shall then cooperate in treating those documents or information, and all copies thereof, as "CONFIDENTIAL." No use of such documents or information prior to their

designation as Confidential Information shall be deemed a breach of this Confidentiality Agreement.

9. <u>Effect of Production of Confidential Information</u>. No party, their counsel, or persons identified in this Confidentiality Agreement shall use or disclose information or documents produced as confidential under this Confidentiality Agreement for any purpose whatsoever other than for the purpose of prosecuting and defending this Action.

10. <u>Challenge to Confidentiality</u>. The production of any document as Confidential by Citibank shall be conclusive of the issue barring an agreement of the parties or further Court Order. In the event that the Parties disagree with the treatment of any document(s) or other information as Confidential, the Parties shall attempt to resolve such disagreement in good faith and on an informal basis. If, however, the disagreement cannot be resolved in that fashion, Plaintiff or Defendant may seek appropriate relief from the Court. Until the Court resolves any disagreement, any document(s) or information subject to disagreement and produced by Citibank as Confidential shall be treated as if produced as Confidential under the terms of this Stipulation.

11. <u>Disclosure to Qualified Persons</u>. The Parties shall not disseminate any of the Confidential Information or documents relating to the Subpoena to anyone, except Qualified Persons designated in paragraph 3 above. Prior to disseminating any of the material designated as Confidential to a Qualified Person, Counsel must first: (a) provide the Qualified Person with a copy of this Stipulation and (b) obtain the Qualified Person's consent, in writing, to be bound by this Stipulation. Before each Qualified Person is given access to Confidential Information or documents, such Qualified Person shall execute the Agreement in the form attached as Exhibit "A" hereto. Any person signing a copy of this Agreement signifying agreement to be bound by it

understands that if this Agreement is violated, that person consents and submits to the Court's jurisdiction for enforcement of the Stipulation.

12. <u>Disclosure During Depositions</u>. A deponent may during the deposition be shown and examined about material produced as Confidential if the deponent already knows the Confidential Information contained therein or if the deponent acknowledges receipt of this Stipulation and agrees to be bound by it. Deponents shall not retain or copy portions of the transcript of their depositions that contain information produced as Confidential not provided by them, or the entities they represent, unless they consent to be bound by this Stipulation. A deponent who is not a party or a representative of a party shall be furnished a copy of this Stipulation before being examined about, or asked to produce, potentially confidential documents. A Party, witness or representative may designate any portion of a deposition transcript (including exhibits) or videotape as containing Confidential Information provided by Citibank by so stating on the record during the deposition or in writing within twenty-one (21) business days after receiving a deposition transcript by designating pages of the transcript (and exhibits therein) as Confidential. If designated during the deposition, the reporter and videographer (if any) shall indicate in the deposition transcript and on the videotape what portions of the testimony (or exhibits) were designated. Information subject to a designation as Confidential within the deposition transcript may be designated as such by underlining the portions of the pages to be designated as Confidential and marking such pages with the following legend: "Confidential." Videotapes subject to a Confidential designation shall be marked on its cover as "Confidential."

13. <u>Filing Entire Confidential Documents</u>. If the filing of a document containing information produced by Citibank as Confidential is reasonably believed by a party to be supportive of the party's position in the Action, and the party seeks to file any of the documents produced as

Confidential with the Court, or introduce the same as evidence, the party agrees to seek leave of Court to file that document under seal pursuant to Local Rule 1.09.

14. <u>Filing Documents That Contain Confidential Information</u>. If a Party seeks to file a document, portions of which have been produced by Citibank as Confidential, the Party shall redact the Confidential Information before filing. The Party shall provide an unredacted copy of the document to the Judge informing the Court that a redacted copy was electronically filed with the Court pursuant to the Parties' Stipulation.

15. <u>Disclosure During Hearings or Trial</u>. Should the party's counsel plan to use any Confidential Information produced by Citibank not already filed under seal at a hearing or trial, the party's counsel agrees to notify counsel for Citibank and the other Parties of such intended use in writing ("Written Notice") at least 10 business days before the scheduled hearing, or trial. If Citibank or any other party objects to such intended use, Citibank shall issue (i.e., serve) a written objection within five (5) business days of receipt of the Written Notice. The Parties agree that any objection shall be heard by the Court at the earliest mutually convenient time if the parties are not otherwise able to resolve this issue in good faith and on an informal basis. The use of the Confidential Information shall not be used at a hearing or trial prior to the Court ruling on Citibank or any other party's objection.

16. <u>Objection to Production of Information or Documents</u>. The entry of this Stipulation does not prohibit any producing party who objects to the production of documents from objecting to such production on any other grounds permitted under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or applicable state or federal law.

17. <u>Additional Protection</u>. Nothing in this Stipulation shall be deemed to preclude any party from seeking and obtaining, upon appropriate showing, additional protection with respect

to the confidentiality of documents or other relief from this Order with respect to material containing Confidential information.

18. <u>Return of Confidential Information</u>. Upon final termination of this Action, either by full compliance with any settlement agreement or verdict, all material or information produced by Citibank, including each copy thereof, and each document that incorporates or references, in whole or in part, any said material or information contained therein, including but not limited to notes or summaries concerning or pertaining to such material or information as Confidential, shall be destroyed by the recipient within ten (10) business days. All briefs, pleadings or other filings with the Court which incorporate or disclose Confidential documents or information may remain in possession of the parties' counsel and need not be destroyed, but shall remain subject to the terms and conditions of this Stipulation.

20. <u>Waiver</u>. If at any time Citibank waives any rights hereunder, such waiver is not to be construed as a continuing waiver of the same or other provisions of this Stipulation. A waiver must be in writing. Resort to any remedies referred to herein will not be construed as a waiver of any other rights and remedies to which Citibank may be entitled under this Stipulation or otherwise.

21. <u>Modification</u>. The Parties reserve the right to change or modify this Stipulation in writing at any time, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel.

22. <u>Governing Law and Jurisdiction</u>. This Stipulation shall be governed by the laws of the State of Florida without regard to any conflict-of-law rule or principle that would give effect to the laws of another jurisdiction. The Parties agree that all actions, suits or proceedings arising or in connection with this Agreement are subject to the continuing jurisdiction of the United States

District Court, Middle District of Florida, and irrevocably waive any claim that any such suit, action or proceeding has been brought in an inconvenient forum.

23.     <u>Counterparts</u>.  This Stipulation may be executed in counterparts, each of which shall be deemed an original, and which shall constitute one and the same instrument.

24.     <u>Contempt</u>. Violations of the provisions of this Order shall subject the offender to the contempt powers of this Court.  The provisions of this Order shall be binding after termination of this case, but the Court's jurisdiction to enforce the terms of the agreement shall terminated upon a final determination of this case.

| **JOHN A. DIAZ** | **CHAPTERS HEALTH SYSTEM, INC.** |
|---|---|
| s/ *Scott D. Owens* <br> Scott D. Owens, Esq. <br> SCOTT D. OWENS, P.A. <br> 3800 S. Ocean Dr., Ste. 235 <br> Hollywood, FL 33019 <br> Tel: 954-589-0588 <br> Fax: 954-337-0666 <br> Email: scott@scottdowens.com <br> *Counsel for Plaintiff* | s/ *Aaron S. Weiss* <br> Aaron S. Weiss, Esq. <br> CARLTON FIELDS <br> 100 S.E. 42nd St., Ste. 4200 <br> Miami, FL 33131 <br> Tel: 305-539-7382 <br> Fax: 305-530-0055 <br> Email: aweiss@carltonfields.com <br> *Counsel for Defendant* |

**CITIBANK, N.A.**

s/ *Nicholas S. Agnello*
Nicholas S. Agnello, Esq.
BURR & FORMAN, LLP
350 East Las Olas Blvd., Ste. 1440
Ft. Lauderdale, FL 33301
Tel: 954-414-6202
Fax: 954-414-6201
nagnello@burr.com
*Counsel for Citibank, N.A.*

**UNITED STATES DISTRICTCOURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

John A. Diaz, individually and on behalf of others similarly situated,

    Plaintiff,

v.

Chapters Health System, Inc.,

    Defendant.

Case No. 8:18-cv-03052-CEH-SPF

_____/

**EXHIBIT "A" – WRITTEN ASSURANCE**

STATE OF _____ )
                                           ) SS:
COUNTY OF _____ )

    I, _____, hereby attest to my understanding that information or documents produced by Citibank as confidential are provided to me pursuant to the terms and conditions and restrictions of the *Agreed Motion for Entry of Confidentiality and Protective Order Regarding Subpoena to Citibank, N.A.,* in John A. Diaz v. Chapters Health, Inc., Case No. 8:18-cv-03052-CEH-SPF in the United States District Court for the Middle District of Florida; that I have been given a copy of and have read the *Agreed Motion for Entry of Confidentiality and Protective Order Regarding Subpoena to Citibank, N.A.* and understand its terms; and that I hereby agree to be bound by its terms. I further agree that I shall not disclose to others, except in accordance with the *Agreed Motion for Entry of Confidentiality and Protective Order Regarding Subpoena to Citibank, N.A.*, such information or documents including notes or other memorandum or writings regarding information contained in them, and that such information or documents shall

be used only for the purposes of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of that legal proceeding. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the *Agreed Motion for Entry of Confidentiality and Protective Order Regarding Subpoena to Citibank, N.A.*, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the Middle District of Florida for any contempt proceedings or other appropriate sanctions as the Court may deem proper for a violation of the *Agreed Motion for Entry of Confidentiality and Protective Order Regarding Subpoena to Citibank, N.A.*

FURTHER AFFIANT SAYETH NAUGHT.

_____

By: _____

STATE OF _____)
                                              ) SS:
COUNTY OF _____)

The foregoing Written Assurance was sworn to and subscribed before me this \_\_\_\_ day of _____, 20\_\_ by _____. He/She is personally known to me.

(NOTARY SEAL)

_____
Notary Public, State of _____
Print Name: _____
Commission No.:   _____
My Commission Expires:  _____