UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN A. DIAZ,

    Plaintiff,

v.                                              CASE No. 18-cv-03052-CEH-SPF

CHAPTERS HEALTH SYSTEM, INC.,

    Defendant.
_____/

**MOTION TO COMPEL WELLS FARGO TO COMPLY WITH
PLAINTIFF'S SUBPOENA TO PRODUCE CLASS MEMBER DATA**

Plaintiff, John A. Diaz, though his undersigned counsel, hereby moves this Court for an Order compelling non-party Wells Fargo Bank, N.A. ("Wells Fargo"), to *fully* respond to Plaintiff's subpoena of February 19, 2020.[1] (Exhibit 1). The deadline to comply with the subpoena was March 6, 2020. The deadline for Plaintiff to provide notice to class members is April 6, 2020. Class administrator, KCC, has indicated that it needs the Wells Fargo information by March 18, 2020, to ensure timely mailing of notices.

Although Plaintiff has, on multiple occasions, provided Well Fargo with the *complete account numbers* of the 3,475 Wells Fargo account holders who have been

---

[1] This is the second subpoena directed to Wells Fargo in an attempt to obtain the same information. The first subpoena, served on December 22, 2019, was completely ignored by Wells Fargo. In an effort to resolve the matter without court intervention, Wells Fargo was served with a second subpoena on February 19, 2020, superseding the previous subpoena, and voluntarily allowing Wells Fargo additional time to comply.

1

identified as class members in this action, Wells Fargo has failed to identify a single account holder's name, address, or phone number, as requested in the subpoena.[2] Wells Fargo has lodged no objections to the subpoena. Instead, Wells Fargo has consistently given Plaintiff the "run around," passing Plaintiff off to multiple representatives at various email addresses and telephone numbers in different states; and each one providing Plaintiff with a different excuse why Wells Fargo has failed to produce the account holder information (i.e., never received the information; received the information, but couldn't open it; information sent in wrong format, etc.).

As referenced earlier, Wells Fargo was originally served on December 22, 2019. Plaintiff received no response whatsoever by the stated due date. Follow up attempts to secure a response from Wells Fargo were as follows:

- Plaintiff then served Wells Fargo with a second subpoena (containing the account number list on a CD) on February 18, 2020, with no response.

- On February 27, 2020, Plaintiff once again sent the class member account numbers via electronic mail to subpoenafax@wellsfargo.com at the instruction of Daniel Armstrong, who claimed not to be able to open the disc supplied with the second subpoena. Plaintiff received no response.

- On March 10, 2020, the information was again sent to subpoenafax@wellsfargo.com at the request of Laura White, who claimed that Wells Fargo never received the February 27, 2020, email. Again, no response.

- After receiving no response from Laura White, Plaintiff sent a third email to subpoenafax@wellsfargo.com on March 12, 2020, informing Wells Fargo of Plaintiff's intent to file this motion to compel if Wells Fargo could not arrange for production immediately. This email generated a response from William Golegio later that day, consistent with his previous colleagues, requested that Plaintiff send the class member account numbers, but this time to Mr. Golegio's personal email address, william.golegio@wellsfargo.com.

- Mr. Golegio was asked at that time to confirm receipt of the email, receipt of the attached files, and confirm that he could open the spreadsheet containing the class member account numbers. Mr. Golegio has not replied.

- Attempts to reach Mr. Golegio by telephone today have failed as well. Mr. Golegio is not answering his phone or returned voice mail messages.

Wells Fargo's dilatory and evasive behavior leaves no doubt that Wells Fargo has no intention of complying with the subpoena, absent a court order and possible sanctions, which Plaintiff reserves the right to seek after the production issue is resolved, pursuant to Fed. R. Civ. P. 37.

WHEREFORE, based on the foregoing, and because Wells Fargo is the only source of the requested class member information, Plaintiff respectfully moves the Court to command Wells Fargo's full compliance with the subpoena.

### Certification Regarding Local Rule 3.01(g)

Wells Fargo, as a non-party to this action, has not appeared. As such, Plaintiff has no opposing counsel with whom to confer. Plaintiff is mindful of his duty under

Rule 3.01(g) to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion, and will do so at the earliest possible opportunity.

Respectfully submitted,

s/ *Scott D. Owens*
Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-3370-666
scott@scottdowens.com

DATED: March 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2020, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF. I also certify that the foregoing document is being served this date via US mail and/or some other authorized manner for those counsel or parties on the service list below, if any, who are not authorized to received electronically Notices of Electronic Filing.

By: s/ *Scott D. Owens*
Scott D. Owens, Esq.

## SERVICE LIST

Wells Fargo Bank, N.A.
Subpoena Processing Chandler
PO Box 29729
Phoenix, AZ 85038
Email: subpoenafax@wellsfargo.com

William Golegio
william.golegio@wellsfargo.com