UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN A. DIAZ,

    Plaintiff,

v.                                            CASE No. 18-cv-03052-CEH-SPF

CHAPTERS HEALTH SYSTEM, INC.,

    Defendant.

_____/

**MOTION TO COMPEL BANK OF AMERICA TO COMPLY WITH PLAINTIFF'S SUBPOENA TO PRODUCE CLASS MEMBER DATA**

Plaintiff, John A. Diaz, though his undersigned counsel, hereby moves this Court for an Order compelling non-party Bank of America ("Bank of America"), to *fully* respond to Plaintiff's subpoena of February 19, 2020.[1] (Exhibit 1). The deadline to comply with the subpoena was March 6, 2020. The deadline for Plaintiff to provide notice to class members is April 6, 2020. Class administrator, KCC, has indicated that it needs the Bank of America information immediately in order to ensure timely mailing of notices.

Accompanying the subpoena, Plaintiff provided Bank of America with a compact disc containing *complete account numbers* of the 4,685 Bank of America

---

[1] This is the second subpoena directed to Bank of America in an attempt to obtain the same information. The first subpoena, served on December 22, 2019, was ignored by Bank of America. In an effort to resolve the matter without court intervention, Bank of America was served with a second subpoena on February 19, 2020, superseding the previous subpoena, and voluntarily allowing Bank of America additional time to comply.

1

account holders who have been identified as class members in this action. It was not until the day Bank of America's response was due that Plaintiff received a letter from Bank of America, dated March 5, 2020, informing Plaintiff that Bank of America needed to "discuss" the request for production of documents. This was the first instance of any communication from Bank of America regarding the subpoena.

Plaintiff contacted a Bank of America representative who informed Plaintiff that Bank of America could not accept information on compact disc, and did not have an email address which could be used to send the information electronically. According to Bank of America, the most efficacious way to deliver the class member account information to Bank of America was to print the list of account numbers, then deliver the list to a Bank of America branch. Bank personnel would then mail or otherwise transmit the list to Bank of America's legal order processing department.

On March 13, 2020, Plaintiff printed the approximately 100 pages of account numbers, then delivered them to the branch manager at the Bank of America located at 3900 S Ocean Dr, Hollywood, FL 33019. The manager confirmed the documents would be transmitted forthwith. However, the branch manager failed to transmit the documents, then took the next week off—failing to notify any other employees at the bank of the need to transmit the documents, nor of the urgency thereof.

When contacted on March 23, 2020, the Hollywood branch manager admitted to not sending the file because "she just didn't get around to it." The bank manager then agreed to provide confirmation by the end of the business day that the documents had been transmitted. No confirmation was received.

Despite being sent two subpoenas, Bank of America has failed to identify a single account holder's name, address, or phone number, as requested in the subpoenas.

Bank of America's dilatory and evasive behavior leaves no doubt that Bank of America has no intention of complying with the subpoena, absent a court order and possible sanctions, which Plaintiff reserves the right to seek after the production issue is resolved, pursuant to Fed. R. Civ. P. 37.

That said, Plaintiff has gone so far as to contact two different law firms, Reed Smith and Liebler, Gonzalez & Portuondo, both of whom have represented Bank of America in similar situations in other cases. Abraham Colman, from Reed Smith, agreed to forward the list of account numbers to Bank of America, even though he does not represent Bank of America in this matter. Jaimee Braverman of Liebler, Gonzalez & Portuondo is believed to be working remotely—as of this writing, Plaintiff has not received a response from her.

WHEREFORE, based on the foregoing, and because Bank of America is the only source of the requested class member information, Plaintiff respectfully moves the Court to command Bank of America's full compliance with the subpoena.

**Certification Regarding Local Rule 3.01(g)**

Bank of America, as a non-party to this action, has not appeared. As such, Plaintiff has no opposing counsel with whom to confer. Plaintiff is mindful of his duty under Rule 3.01(g) to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion, and will do so at the earliest possible opportunity.

              Respectfully submitted,

              s/ *Scott D. Owens*
              Scott D. Owens, Esq.
              Scott D. Owens, P.A.
              3800 S. Ocean Dr., Ste. 235
              Hollywood, FL 33019
              Tel: 954-589-0588
              Fax: 954-3370-666
              scott@scottdowens.com

DATED: March 24, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2020, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF. I also certify that the foregoing document is being served this date via US mail and/or some other authorized manner for those counsel or parties on the service list below, if any, who are not authorized to received electronically Notices of Electronic Filing.

            By: s/ *Scott D. Owens*
              Scott D. Owens, Esq.

## SERVICE LIST

BANK OF AMERICA
LEGAL ORDER PROCESSING | CHRISTIANA IV
800 SAMOSET DRIVE, NEWARK, DE 19713 | DE5-024-02-08

Bank of America Financial Center
3900 S. Ocean Drive
Hollywood, FL 33019