**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **JOHN A. DIAZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 18-cv-03052-CEH-SPF** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHAPTERS HEALTH SYSTEM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNOPPOSED MOTION TO EXTEND CERTAIN DEADLINES TO ALLOW NON-PARTIES BANK OF AMERICA AND WELLS FARGO TO FULLY COMPLY WITH SUBPOENAS AND TO FACILIATE PROPER NOTICE TO CLASS MEMBERS**

Plaintiff, John A. Diaz, moves the Court to extend the following deadlines to allow non-parties Bank of America and Wells Fargo to fully comply with subpoenas, including resolution of the pending Motions to Compel. See ECF No. 56 (Motion to Compel Wells Fargo to Comply with Plaintiff's Subpoena to Produce Class Member Data) and ECF No. 62 (Motion to Compel Bank of America to Comply with Plaintiff's Subpoena to Produce Class Member Data).

| | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for notice of the Settlement to be sent to the Settlement Class Members | **April 6, 2020** | **May 22, 2020** |
| Plaintiff to file attorney fee petition | **April 22, 2020** | **June 5, 2020** |
| Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) | **May 6, 2020** | **June 22, 2020** |
| Deadline for Settlement Class Members to submit a Settlement Claim Form (Claim Deadline) | **May 6, 2020** | **June 22, 2020** |
| Deadline for Parties to file the following: (1) List of persons who made timely and proper Requests for Exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. | **May 28, 2020** | **July 10, 2020** |
| **Final Approval Hearing** | **June 23, 2020** | **July 21, 2020**[1] |

---

[1] or as soon thereafter as possible.

Since this case was preliminarily approved, it has been very active, and Plaintiff has worked diligently to facilitate each bank's compliance with his subpoena. During this process, not all banks have been equally responsive in producing the requested class member data, the balance of which Plaintiff believes will be forthcoming in the short term. Plaintiff therefore seeks a modest extension of the remaining deadlines in this case to complete this critical process. As good cause for granting the requested relief, Plaintiff states as follows:

1.   On January 6, 2020, the Court approved Plaintiff's Unopposed Motion and Memorandum in Support of Class Certification and Preliminary Approval of Proposed Class Action Settlement [ECF No. 26], and ordered Plaintiff to provide notice of the settlement to the class members by April 6. 2020 [ECF No. 35].

2.   In order to be proactive, Plaintiff began sending subpoenas to twenty-eight banks, including Wells Fargo and Bank of America, requesting class member data, on December 22, 2020. The return date on the first round of subpoenas was January 10, 2020.

3.   A small handful of banks, including Wells Fargo and Bank of America, failed to timely or substantively respond to the subpoena. Accordingly, on February 19, and in an effort to avoid court intervention, a second round of subpoenas were sent to the initially non-responsive banks. The return date on the second round of subpoenas was March 6, 2020,

4.   By March 13, 2020, twenty-six of the twenty-eight subpoenaed banks, had responded fully and substantively to the subpoenas - the sole exceptions being Wells Fargo and Bank of America,

5.   As a last resort, Plaintiff had no choice other than to file motions to compel Wells Fargo and Bank of America to comply with Plaintiff's subpoena to produce class member data [ECF Nos. 56 and 62, respectively]. The Wells Fargo motion was filed on March 13, 2020. The Bank of America motion was filed on March 24, 2020.

6.   As of Friday, March 27, 2020, both Wells Fargo and Bank of America, through their respective counsel, have been in contact with Plaintiff's counsel, and efforts are underway to procure their compliance with the subpoenas. To date, Wells Fargo has provided approximately half of its class member data whereas Bank of America has produced nothing.

7.   Well Fargo has represented that it should be able to produce the remainder of approximately 2,000+ accounts on or before April 10, 2020.

2

8.   Numerous times, the undersigned counsel has requested for a date certain on which Bank of America will comply with the outstanding discovery. To date, Bank of America has only stated that it is reviewing the requests for the approximately 4,200+ (outstanding) accounts.

9.   Plaintiff will further address the outstanding discovery with Bank of America via his Motion to Compel now on file with this Honorable Court at ECF No. 62.

10.  As a consequence of the outstanding discovery in this matter, the class administrator, Kurtzman Carson Consultants, KCC, has informed Plaintiff that it can no longer meet the April 6, 2020, deadline for mailing of class notice. Critically, Wells Fargo and Bank of America account holders, cumulatively, comprise more than 20% of the class.

## MEMORANDUM OF LAW

Good cause exists for granting the requested extension to permit Plaintiff to complete this process to in order to identify and provide notice to the Class. *See Sosa v. Airprint Sys., Inc*., 133 F.3d 1417 (11th Cir.1998). As set forth above, Plaintiff has been diligent in his efforts to meet the deadline to complete subpoenas necessary to obtain information from account holder banks, but due to the circumstances described, *infra*, needs additional time to complete the process.

District courts have broad discretion and authority in controlling and managing pretrial discovery matters. *Perez v. Miami–Dade County,* 297 F.3d 1255, 1263 (11th Cir.2002); *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir.1993). Federal Rule of Civil Procedure 16(b)(4) sets forth that: "A schedule may be modified only for good cause and with the judge's consent." "Good cause" has been defined as a "sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). *EEOC v. Doherty Grp., Inc.*, No. 14-cv-81184, 2017 U.S. Dist. LEXIS 34787, at *10 (S.D. Fla. Feb. 28, 2017). The Eleventh Circuit has adopted the diligence of the moving party in attempting to meet the scheduling order deadlines as a factor for determining whether good cause for amendment exists. *See Green Island Holdings, LLC v. British Am. Isle of Venice (BVI), Ltd.*, 521 F. App'x 798, 800 (11th Cir. 2013) ("This court has considered the diligence of the party seeking leave to amend a factor in the good-cause analysis."); Sosa, 133 F.3d at 1418.

In the instant case, Plaintiff has vigorously pursued the information from the carriers; nevertheless, the subpoena process cannot be completed within the deadline indicated in the Scheduling Order due to circumstances beyond Plaintiff's control. Plaintiff is eager to complete

the subpoena process but needs a modest extension of time to do so. This request is not made for the purpose of delay, but in the interest of justice.

WHEREFORE Plaintiff respectfully requests that this Court extend the case deadlines as follows:

| | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for notice of the Settlement to be sent to the Settlement Class Members | **April 6, 2020** | **May 22, 2020** |
| Plaintiff to file attorney fee petition | **April 22, 2020** | **June 5, 2020** |
| Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) | **May 6, 2020** | **June 22, 2020** |
| Deadline for Settlement Class Members to submit a Settlement Claim Form (Claim Deadline) | **May 6, 2020** | **June 22, 2020** |
| Deadline for Parties to file the following: (1) List of persons who made timely and proper Requests for Exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. | **May 28, 2020** | **July 10, 2020** |
| **Final Approval Hearing** | **June 23, 2020** | **July 21, 2020**[2] |

## CERTIFICATION OF RULE 3.01(g) CONFERRAL

I hereby certify that I have conferred with opposing counsel regarding the relief requested in this motion, and am authorized to state that Defendant has no opposition thereto.

DATED: March 30, 2020

Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-3370-666
scott@scottdowens.com

---

[2] or as soon thereafter as possible.

## CERTIFICATE OF SERVICE

*I hereby certify* that on March 30, 2020, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF. I also certify that the foregoing document is being served this date via US mail and/or some other authorized manner for those counsel or parties on the service list below, if any, who are not authorized to received electronically Notices of Electronic Filing.

By: s/ Scott D. Owens
Scott D. Owens, Esq.