**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN A. DIAZ,

    Plaintiff,

v.                                               Case No. 18-cv-03052-CEH-SPF

CHAPTERS HEALTH SYSTEM, INC.,

    Defendant.

_____/

## SUPPLEMENT TO RESPONSE OF WELLS FARGO BANK, N.A. TO PLAINTIFF'S MOTION TO COMPEL

Wells Fargo Bank, N.A. ("Wells Fargo"), through its undersigned counsel, pursuant to this Court's Order [D.E. #64], supplements its Response [D.E. #59] to Plaintiff's Motion to Compel Wells Fargo to Comply with Plaintiff's Subpoena to Produce Class Member Data (the "Response"), to address Wells Fargo's ability to comply with Plaintiff's subpoena by April 10, 2020 as Plaintiff represented in paragraph 6 of Plaintiff's Unopposed Motion to Extend Certain Deadlines [D.E. #63]. In that regard, Wells Fargo states that after conducting an extensive investigation and consulting with several internal departments, Wells Fargo intends to do everything that it reasonably can to produce, and it reasonably believes that it will be able to produce, the requested information still in its possession to Plaintiff by April 10, 2020. To assist the Court to understand what Wells Fargo has already done and what remains to be done in order to complete the response to the subpoena, Wells Fargo submits the following:

On or about February 19, 2020, Plaintiff served a subpoena on Wells Fargo. Wells Fargo, however, did not receive the list of 3,475 credit and debit card numbers in a form that it could access until March 17, 2020, nearly four weeks after the subpoena. Upon receiving the list of credit and debit card numbers, Wells Fargo's Legal Order Processing department (LOP)—the

department within Wells Fargo responsible for responding to subpoenas—determined that it would take approximately 120 days to comply with the subpoena. That is because Wells Fargo does not have a document that would provide only the contact information that the Plaintiff is seeking. To comply with the request, LOP would have had to manually input all 3,475 credit and debit card numbers to research and gather the requested information. LOP would then have had to create a separate document and manually type out the name and contact information for each cardholder.

Because of the existing Court deadlines, in an effort to expedite the response, Wells Fargo reached out to several other internal groups for assistance, including to teams within its technology department, credit and debit card departments, and financial crimes department. Through these efforts, Wells Fargo was able to identify a team that was able to gather the information for 1704 credit and debit cards that was on Wells Fargo's systems. Wells Fargo produced this information to Plaintiff on March 26, 2020. The remaining credit and debit cards have been purged from Wells Fargo's system. The team that provided the contact information for the 1704 cards does not have access to information relating to the purged cards.

Wells Fargo then reached out to its credit card group and debit card group to assist with locating information that it still has relating to the purged credit and debit cards. Due to demands relating to the COVID-19 pandemic, the groups estimated that they would need until April 10, 2020 to furnish the information that Wells Fargo still has for the purged credit and debit cards. Wells Fargo's debit and credit card groups are actively working on producing the information that is requested. Wells Fargo reasonably believes that it should be able to gather the remaining information that is currently in its possession and produce it to the Plaintiff by April 10, 2020.

Because of the burdensomeness of complying with Plaintiff's subpoena, Wells Fargo reserves the right to seek reimbursement of its costs, including attorney's fees, in accordance with

Rule 45 of the Federal Rules of Civil Procedure. After receiving the list of the 3,475 credit and debit cards on March 17, 2020, Wells Fargo worked diligently to comply with the subpoena. The subpoena is very broad and required Wells Fargo to expend substantial resources to research and search across multiple systems and databases to try to identify the private and confidential contact information relating to 3,475 credit and debit cardholders. Within nine days, Wells Fargo was able to provide information relating to the cards that are currently in its systems, nearly half of the requested information. By April 10, 2020, Wells Fargo expects to produce the remaining information currently in its possession.

      Respectfully submitted,

      BURR & FORMAN LLP
      201 N. Franklin Street, Suite 3200
      Tampa, Florida 33602
      Telephone: (813) 221-2626
      Facsimile: (813) 221-7335
      Primary Email: payers@burr.com
      Secondary Email: dmorse@burr.com
      Attorneys for Wells Fargo Bank, N. A.

      By: */s/ W. Patrick Ayers*
      W. Patrick Ayers, FBN 615625

**CERTIFICATE OF SERVICE**

    I CERTIFY THAT on April 6, 2020 I electronically filed the foregoing Response with the Clerk of this Court using CM/ECF, which will furnish an electronic copy to all counsel of record.

      */s/ W. Patrick Ayers*
      W. Patrick Ayers, FBN 615625

43263334 v1
43278845 v1
43280909 v1