UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN A. DIAZ,**

    Plaintiff,

v.                                                        **CASE No. 18-cv-03052-CEH-SPF**

**CHAPTERS HEALTH SYSTEM, INC.,**

    Defendant.

_____/

**ORDER**

On April 1, 2020, an Amended Order Granting Preliminary Approval of Settlement, and Directing Notice to the Class was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Docs. 35, 44, 65).

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Amended Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement and (2) whether judgment should be entered dismissing this Action with prejudice.

A Final Approval Hearing was held on August 6, 2020.  Doc. 94.  Prior to the Final Approval Hearing, on July 14, 2020, Plaintiff John A. Diaz ("Class Representative") filed his Motion for Attorneys' Fees, Costs, and Service Award (Doc. 77) and his Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees, Expenses, and Service Award

(Doc. 80). The Court entered an order permitting the Final Approval Hearing to be conducted by telephone. Doc. 92. Counsel for the class and Chapters Health System, Inc. ("Chapters" or "Defendant") appeared by telephone and presented argument in support of approval of the settlement. In addition, Mr. Diaz appeared in person.

Having heard the presentation of Class Counsel and counsel for Chapters, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, for the reasons stated on the record during the August 6, 2020 hearing and for good cause appearing,

**THE COURT FINDS AND ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement and injunctive relief, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4.      There were no objections to the Settlement. One individual timely opted out of and is not bound by the settlement—the identity of that individual is filed under seal.

5.      The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely valid requests to be excluded from the Settlement Class.

6.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> **(i) All persons in the United States (ii) who, within the two (2) years prior to the filing of the Complaint, made a payment pursuant to a purchase made at a Defendant-owned establishment (iii) using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed more than the last 5 digits of the card number or the expiration date of the credit or debit card.**

The Court has been informed that there were approximately 22,065 individuals identified as belonging to the Settlement Class.

7.      The Court previously found that the plan for Notice, set forth in the Settlement Agreement and effectuated pursuant to the Amended Preliminary Approval Order, was the best notice practicable under the circumstances in that Class Members were provided with notice by direct mail.  The notice contained sufficient notice to the Settlement Class of the pendency of the Action, terms of the Settlement Agreement, and details regarding the Final Approval Hearing.  It also satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.  The Court now finds that execution and dissemination of the Notice was performed in accordance with the Court's Order and reached the maximum number of Class Members practicable under the circumstances.

8.      The Settlement Agreement is, in all respects, fundamentally fair, reasonable, and adequate, in the best interests of the Settlement Class, and is therefore approved.  In support of this finding, the Court notes that there were no objections to the Settlement.

9. For settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon occurrence of the effective date, the Court finds that the Class meets all the applicable requirements of Federal Rule of Civil Procedure ["Rule"] 23(a) and (b)(3). Specifically, the Court finds as follows:

a. *Numerosity*: The Class, which is ascertainable,[1] consists of thousands of members located throughout the United States and satisfies the numerosity requirement of Rule 23(a)(1). Joinder of all Class Members would certainly be impracticable.

b. *Commonality*: There are multiple questions of law and fact common to the Class with regard to the alleged activities of Defendant. These issues surpass the hurdle of Rule 23(a)(2).

c. *Typicality*: The claims of the Class Representative are typical of the claims of the Class members he seeks to represent for purposes of Settlement under Rule 23(a)(3).

d. *Adequacy*: The Court recognizes the contribution and experience of class counsel, Scott D. Owens, P.A. and The Consumer Rights Law Group, PLLC. The Court also finds that the Plaintiff, John A. Diaz, has no interests antagonistic to the Class and has represented his fellow Class Members adequately. Plaintiff and his counsel have also prosecuted this matter vigorously on behalf of the Class Members. Accordingly, the Court finds that the requirement of adequate representation has been met under Rule 23(a)(4).

---

[1] And in any event, while class action case law continues to develop with respect to ascertainability and administrative feasibility and how those issues factor into certification on *contested* motions, any potential "concern that 'the method of determining whether someone is in the class . . . be administratively feasible,' is not implicated by this case, because the settlement agreement removes the need for a trial." *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*, 656 F. App'x 8, 8–9 (3d Cir. 2016) (citing *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 335 (3d Cir. 2011) (Scirica, J. concurring)).

    e. *Predominance of Common Issues*: The questions of law and fact common to the Class members predominate over any questions affecting any individual Class Member.

    f. *Superiority*: The class action mechanism provides a superior vehicle for adjudication of many claims, as in this matter, where the claims of the individual Class Members are small and the interest in pursuing one's own case is minimal.

  10. In making these findings with respect to certifying the Class, the Court has exercised its broad discretion.

  11. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

  12. As set forth in the Settlement Agreement, each Class Member will receive his or her reward via electronic deposit or check within 45 days after the Effective Date. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged Chapters from the Released Claims as set forth in Paragraph II.Q of the Settlement Agreement.

  13. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or

arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

14. The Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against Chapters of any fault, wrongdoing, or liability on the part of Chapters.

15. The Court further finds that the Parties, vis-à-vis the Settlement Class Administrator, provided sufficient notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. No comments or objections were filed by any state or federal official.

16. The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs in the amount of $424,854.00, which is one third of the amount made available to the Class as the Settlement Amount. The Court further grants Class Counsel's application for an Incentive Award for John A. Diaz in the amount of $10,000.00 for his service to the Class. These amounts are to be paid within 21 days after the Effective Date.

17. The Court also finds that the requested expenses of the Settlement Class Administrator - $69,975.00 – are reasonable and that those amounts shall be paid from the Settlement Fund within 21 days after the Effective Date. Likewise, eight of twenty-eight financial institutions upon whom subpoenas for class contact information were served have requested reimbursement in the total amount of $3,077.34. The Court finds that these amounts are reasonable, and the Settlement Class Administrator shall pay those amounts from the Settlement Fund within 21 days after the Effective Date.

18. The Court is also advised that none of the other financial institutions made a timely request for reimbursement and the time to have done so is long past.

19. Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award (Doc. 77) is granted.

20. Plaintiff's Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees, Expenses, and Service Award (Doc. 80) is granted.

21. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement for one year. Once the settlement has been funded, counsel for Chapters Health and the Class shall file a joint notice notifying the Court of the same.

22. The Clerk is directed to close this case.

**DONE and ORDERED** in Tampa, Florida, this 31st day of August, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

cc: counsel of record